|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| KELVIN KARL BLACKMAN JR., | Case No.: 2:19-cv-01192-APG-DJA |
| Plaintiff | **Order Granting Defendant's Motion to Dismiss** |
| v. | [ECF Nos. 5, 7, 8, 9, 11] |
| CAESAR'S ENTERTAINMENT INC., | |
| Defendant | |

Plaintiff Kelvin Karl Blackman, Jr. filed this pro se action against his employer, Paris Las Vegas Operating Company, LLC (incorrectly named Caesar's Entertainment Inc.). Blackman alleges Paris is violating his Fourth Amendment rights by garnishing a portion of his wages pursuant to a child support order issued in California. Paris moves to dismiss the complaint, as frivolous and failing to meet minimal pleading standards. It also argues that I should dismiss with prejudice because amendment would be futile. I grant the motion.

**I. BACKGROUND[1]**

Blackman is employed by Paris. ECF No. 1-1 at 18. The Child Support Enforcement Agency in Los Angeles issued an Income Withholding Order (IWO) on April 8, 2019, requiring Paris to deduct from Blackman's earnings $739 per month for current child support and $184.75 per month for past-due child support.[2] *Id.* at 19. The IWO and attached notice letter were issued by a child support representative from the California Department of Child Support Services. *See id.* at 19-21, 25-26. On April 24, 2019, Paris's payroll department informed Blackman that it is

---

[1] The following information is taken from the complaint and its attachments.

[2] A second IWO order was executed on March 19, 2019 but listed "Caesars's Entertainment Inc." as the employer. ECF No. 1-1 at 13. It is unclear whether the April order was sent to correct an error or whether it is entirely separate. For the purposes of this motion, I rely on the April order sent to Paris.

obligated to comply with the IWO and attached a copy of the order. *Id.* at 12. On May 23, 2019, Paris's payroll department wrote to Blackman that it "cannot stop your child support order without the Termination Order sent from the Los Angeles Child Support Agency" and directing Blackman to contact the agency with any questions. *Id.* at 17. It is possible this letter was in response to Blackman's request that Paris cease garnishing his wages, though it is unclear when Blackman wrote to his employer. *Id.* at 27 ("Notice Demanding Employer to Cease and Desist Sending Personal Property to Child Support Agency").

Blackman alleges that his Fourth Amendment right to be free from unreasonable search and seizure was violated when Paris complied with the IWO because the order came from an agency and is not a warrant issued by a court. *Id.* at 4, 27. Additionally, he alleges that the IWO has no legal force because it does not have a judicial signature and it violates the separation of powers doctrine. *Id.* at 6, 7.

**II. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Pro se complaints are construed liberally. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely

clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (quotation and citation omitted).

Blackman's complaint fails because both federal and state law immunizes employers from civil liability for complying with an IWO. *See* 42 U.S.C. § 666(b) ("An employer who complies with an income withholding notice that is regular on its face shall not be subject to civil liability to any individual or agency for conduct in compliance with the notice."); Nev. Rev. Stat. § 130.504 ("An employer that complies with an income-withholding order issued in another state in accordance with NRS 130.501 to 130.507, inclusive, is not subject to civil liability to a natural person or agency with regard to the withholding of child support by the employer from the income of the obligor.").

Blackman does not allege that the IWO is not regular on its face. And as Paris asserts in its motion, the IWO form that Blackman attaches to his complaint is the federal OMB IWO form. *See* ECF No 1-1 at 19-21. Blackman alleges that the form is invalid because it lacks a judicial signature, but both statutes allow state agencies to enforce IWOs. *See* 42 U.S.C. § 666(c)(1)(F) (stating that state agencies can order income withholding); Nev. Rev. Stat. § 130.501 ("An income-withholding order issued in another state may be sent by or on behalf of the obligee or by a support-enforcement agency to the person defined as the obligor's employer."). To the extent Blackman is challenging the constitutionality of the Uniform Interstate Family Support Act, that action should be brought against the state agency or official charged with enforcing the statute. *See generally Younger v. Harris*, 401 U.S. 37 (1971).

Because Paris is immune from civil liability under federal and Nevada law for complying with an income withholding order, amendment would be futile. Any issues Blackman has regarding the income withholding order might be directed to the state agency issuing the order or

the court that ruled on the underlying judgment for child support. I therefore grant Paris's motion to dismiss with prejudice. I deny Blackman's motions (ECF Nos. 7, 8 ,9, 11) as moot.

I THEREFORE ORDER that defendant Paris Las Vegas Operating Company, LLC's motion to dismiss (**ECF No. 5) is GRANTED**. The complaint is dismissed with prejudice. The clerk of court is instructed to enter judgment in favor of the defendant and against the plaintiff, and to close this case.

I FURTHER ORDER that plaintiff Kelvin Karl Blackman Jr.'s pending motions **(ECF Nos. 7, 8, 9, 11) are DENIED as moot**.

DATED this 13th day of November, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE